FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

17 MAY 12 PM 3:36

JOHN DISTEFANO,

    Plaintiff,

v.

CHARTER COMMUNICATIONS, INC.,
d/b/a SPECTRUM, f/k/a BRIGHT
HOUSE NETWORKS, LLC,

    Defendant.

_____/

CASE NO.:

8:17-CV-1132-T-26MAP

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, John Distefano, by and through the undersigned counsel, files suit against Charter Communications, Inc., d/b/a Spectrum, f/k/a Bright House Networks, LLC, and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Pinellas County, Florida.

## PARTIES

4. Plaintiff, John Distefano ("Mr. Distefano" or "Plaintiff"), is a natural person who resides in Pinellas County, Florida, and is a "person" under 47 U.S.C. § 227.

5. Defendant, Charter Communications, Inc., d/b/a Spectrum, f/k/a Bright House Networks, LLC ("Charter" or "Defendant"), is incorporated in Delaware, does business in the State of Florida, and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved, and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in February 2014, Mr. Distefano began to receive multiple telephone calls from Charter to his cell phone in an attempt to collect a debt. However, Mr. Distefano did not owe Charter the Alleged Debt because Mr. Distefano did not have an account with Charter.

9. All collection calls made by Charter to Mr. Distefano's cell phone were for someone else's debt. When Charter called Mr. Distefano's cell phone, Charter asked to speak to a person other than Mr. Distefano.

10. On numerous occasions, Mr. Distefano told Charter to stop calling his cell phone. Despite Mr. Distefano's cease and desist request, despite the fact that Mr. Distefano did not have an account with Charter, and despite the fact that Charter was calling for someone other than Mr. Distefano, Charter continued to make one to three collection calls to Mr. Distefano's cell phone each day, every day of the week.

11. Charter finally ceased its collection calls to Mr. Distefano's cell phone when Mr. Distefano spoke to a supervisor and again requested to be removed from Charter's calling list. Charter's last collection call to Mr. Distefano's cell phone was on August 19, 2015.

12. Charter made at least forty-four collection calls to Mr. Distefano's cell phone attempting to collect the Alleged Debt without ever having received consent from Mr. Distefano to call his cell phone.

13. Charter placed the calls to Mr. Distefano's cell phone using an automated telephone dialing system without Mr. Distefano's express consent. This was evidenced by the fact that Charter left pre-recorded messages on Mr. Distefano's cell phone.

14. As detailed below, Charter's conduct constitutes a violation of the TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY DEFENDANT CHARTER

15. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

18. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without ever having received Plaintiff's express consent.

20. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

21. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

23. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 12, 2017

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

/s/ _____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No. 106230
e-mail: pwestfall@centroneshrader.com
Attorneys for Plaintiff